IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PGS EM LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 15-213 (GMS) |
| | ) | |
| ELECTROMAGNETIC GEOSERVICES | ) | |
| ASA and EMGS AMERICAS, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, Plaintiff PGS EM Limited ("PGS") and

Defendant EMGS Americas, Inc. ("EMGS Inc.") hereby stipulate to the following protective

order:

1.     The term "Confidential Information" as used in this Protective Order

includes all information that a designating party reasonably and in good faith believes constitutes

or discloses non-public trade secrets or other confidential research, development, marketing,

business strategy, or commercial information or otherwise within the scope of Rule 26(c) that the

designating party maintains in confidence or is under an obligation to maintain in confidence.

Confidential Information may be contained in discovery produced or obtained in this action.  The

Confidential Information contained therein and all copies, recordings, abstracts, excerpts,

analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such

Confidential Information shall also be deemed Confidential Information.

2.     Confidential Information shall be identified by the designating party by

the designation "CONFIDENTIAL INFORMATION."  Where such designation is made by

stamping or similar means (including by oral designation transcribed or recorded), it shall be

made by placing a notice on the document, information, response to discovery, deposition or

Court transcript or record, information or document in electronic form, or tangible thing or object, in such manner as will not interfere with the legibility or accessibility of the Confidential Information.  To the extent a document produced in discovery contains Confidential Information, each page containing such information shall be so marked.  Information so designated shall be subject to the disclosure restrictions of this Protective Order.

        3.     The term "Attorney Eyes Only Information" or "AEO" shall mean and include any and all documents, information or other materials which are designated by a party as being "Attorney Eyes Only," and which the designating party reasonably and in good faith believes to constitute (a) highly confidential and competitive business or proprietary information, or (b) trade secrets.  Attorney Eyes Only Information may be contained in discovery produced or obtained in this action.  The Attorney Eyes Only Information contained therein and all copies, recordings, abstracts, excerpts, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such Attorney Eyes Only Information shall also be deemed Attorney Eyes Only Information.

        4.     Attorney Eyes Only Information shall be identified by the designating party by the designation "ATTORNEY EYES ONLY" or similar designation.  Where such designation is made by stamping or similar means (including by oral designation transcribed or recorded), it shall be made by placing notice on the document, information, response to discovery, deposition or Court transcript or record; information or document stored in electronic form, or tangible thing or object, in such manner as will not interfere with the legibility or accessibility of the Attorney Eyes Only Information.  To the extent a document produced in discovery contains Attorney Eyes Only Information, each page containing such information shall

be so marked.  Information so designated shall be subject to the disclosure restrictions of this Protective Order.

5.      For any documents or information produced before entry of this Protective Order, the producing party shall, within twenty (20) calendar days of entry of this Protective Order, identify in writing those documents that the producing party desires to continue to have treated as Attorney Eyes Only Information in accordance with Paragraphs 3 and 4, and shall identify those documents that the producing party desires to have treated as Confidential Information in accordance with Paragraphs 1 and 2.

6.      The parties recognize that, during the course of this action, there may be produced Confidential Information and/or Attorney Eyes Only Information of or created by non-parties as to which there exists an obligation of confidentiality.  Information of or created by a non-party that a designating party reasonably and in good faith believes is subject to a confidentiality obligation may be designated by the non-party or the producing party as Confidential Information or Attorney Eyes Only Information and shall be subject to the restrictions on disclosure specified in this Protective Order.

7.      Information shall not be treated as Confidential Information or Attorney Eyes Only if the substance falls into any of the following categories:

(a)      Any information that at the time of its disclosure in this action is part of the public domain;

(b)      Any information that after its disclosure in this action has become part of the public domain through no act, omission or fault of the receiving party;

3

(c)     Any information that prior to its disclosure in this action is rightfully in the possession or control of the receiving party, its trial counsel or its patent, technical or financial expert under no obligations of confidence to any person; or

(d)     Any information that after its disclosure in this action is rightfully received or discovered by the receiving party, its trial counsel or its patent, technical or financial experts, under no obligations of confidence from any person having the right to make such disclosure, without being derived from, or from any knowledge or use of, the Confidential or AEO Information previously produced.

8.     All Confidential Information and AEO Information produced in accordance with the provisions of this Protective Order shall be utilized by the receiving party solely and exclusively for purposes of this action, including any appeals, and may not be used by the receiving party in connection with any other litigation, actual or contemplated, or for any other purpose whatsoever, absent agreement by the parties or an order of this Court. Use for purposes of this litigation shall include use in testimony and exhibits at trial, and in connection with motions, depositions, or subpoenas to third parties, and counsel pretrial investigations, subject to the restrictions of this Order. This paragraph's provisions do not apply if a recipient of information designated under this Order is subject to a motion, subpoena, or other request to disclose another designating party's Confidential Information or Attorney Eyes Only Information per paragraph 21, and the person or party subject to this Protective Order, after compliance with paragraph 21, is compelled by court order, civil rule of procedure or otherwise applicable law which would subject the compelled party to any penalty for non-compliance, to produce the Confidential or Attorney Eyes Only Information. In such circumstances, disclosure, use or production would not be a violation of this Protective Order.

9.      (a)  In the event any party or non-party discovers, after it has produced information, that it has inadvertently produced confidential information that has not been designated as Confidential Information or Attorney Eyes Only Information, the producing party may, within a reasonable period of time after such discovery, subsequently designate the information as Confidential Information or Attorney Eyes Only Information by a written notice specifically identifying the information and furnishing the revised designation, in which event the parties shall after such revised designation treat such information as provided in this Protective Order, and shall undertake reasonable efforts to retrieve any non-confidential disclosure, dissemination, or use of such information prior to redesignation and the receiving party shall take reasonable steps to inform any prior recipients of the redesignation and the resulting non-disclosure restrictions applicable.

(b)  In the event a party discovers, after it has received Confidential Information or Attorney Eyes Only Information, that it has disclosed such information to a person or party in violation of this Order, such party shall, as soon as practicable after such discovery, inform the producing party in writing that the producing party's information was disclosed, the date on which it was disclosed, and identify what was disclosed and to whom.  The disclosing party shall undertake as soon as practicable reasonable efforts to retrieve any such confidential information.

10.      (a)  Deposition testimony, in whole or in part, may be designated Confidential Information or Attorney Eyes Only Information on the record or within fifteen (15) business days from receipt of the deposition transcript, and the transcript of the designated testimony shall be bound in a separate volume and marked as Confidential Information or Attorney Eyes Only Information.  Prior to expiration of the period described above, such transcript in its entirety shall be treated as Attorney Eyes Only Information.

(b)     The designating party shall have the right to have all persons, except the deponent, the court reporter and those permitted access to Confidential Information or Attorney Eyes Only Information pursuant to the terms of this Protective Order, excluded from a deposition during the taking therein of testimony that the designating party designates as Confidential Information or Attorney Eyes Only Information.

(c)     Nothing herein shall prevent any counsel from utilizing Confidential Information or Attorney Eyes Only Information in the examination or cross-examination of any person who is indicated on the document or in the information as being an author, source or recipient of the Confidential Information or Attorney Eyes Only Information, who is an employee or prior employee of the party producing such information, or who had prior lawful access to such document or information irrespective of which party produced such information.

11.     Confidential Information may be disclosed to this Court and its staff who shall be advised at the time of disclosure of the restrictions on the disclosure of such information and court filings of such papers shall comply with paragraph 15 hereof, and to court reporters and their staff in performance of their duties connected to this litigation and who shall be advised at the time of disclosure of the restrictions on the disclosure of such information.  In addition, subject to paragraph 13 below, Confidential Information may be disclosed only to the following:

(a)     Outside counsel for the receiving party in this action, and their legal staff and contractors, including administrative or technical personnel and vendors responsible for supporting outside counsel in their duties related to this litigation.

(b)     No more than three (3) designated in-house counsel for each corporate party.

(c)     No more than three (3) designated corporate representatives for each corporate party.

(d)     Testifying and consulting outside experts (and such experts' associates, or stenographic and clerical personnel) retained to assist in the preparation or conduct of the suit.

(e)     Translators and their staff retained to assist in the preparation or conduct of the suit.

12.     Attorney Eyes Only Information may be disclosed to this Court and its staff, and to court reporters and their staff in performance of their duties connected to this litigation in the same manner as provided in the preceding paragraph for disclosure of Confidential Information. In addition, subject to the provisions of paragraph 13, Attorney Eyes Only Information may be disclosed only to the following:

(a)     Outside counsel for the receiving party in this action, and their legal staff and contractors, including administrative or technical personnel and vendors responsible for supporting outside counsel in their duties related to this litigation.

(b)     Testifying and consulting outside experts (and such experts' associates, or stenographic and clerical personnel) retained by counsel to assist in the preparation or conduct of the suit.

(c)     Translators and their staff retained to assist in the preparation or conduct of the suit.

13.     For each expert receiving information under the provisions of paragraphs 11(d) or 12(b), counsel shall obtain a signed Confidentiality Agreement in the form of Exhibit A hereto and shall serve by email a signed copy of the Confidentiality Agreement on counsel for the designating party at least seven (7) business days before Confidential Information

or Attorney Eyes Only Information, respectively, is disclosed to that person.  For each such expert, counsel shall additionally serve a curriculum vitae therewith.  A Confidentiality Agreement signed by an expert binds and applies to that person's staff, or clerical or stenographic personnel, who shall be advised by the signing person of the restrictions contained herein prior to any disclosure to such signing person.  Persons receiving information under the provisions of paragraph 11(c) shall be provided a copy of this Order, and counsel for the relevant party shall obtain a signed copy of the Confidentiality Agreement in the form of Exhibit A hereto from that person prior to disclosure of any protected information.   In the event that a party discovers that it has disclosed Confidential Information or Attorney Eyes Only Information to a person from whom the disclosing party has not obtained a signed Confidentiality Agreement as specified in this paragraph, the disclosing party shall, as soon as reasonably possible, provide written notice of its disclosure to the party that so designated such information under this Protective Order.  In  such event,  the disclosing party shall undertake reasonable efforts to retrieve any such disclosed information and to prevent its further disclosure, dissemination or use until the requirements of this paragraph are satisfied.

      14.     If a designating party objects to disclosure of Confidential Information or Attorney Eyes Only Information to an expert identified pursuant to paragraph 13, the designating party may:

      (a)     Object in writing to all counsel of record for the other party, by email, by the close of business on the fifth business day following receipt of a Confidentiality Agreement served per paragraph 13 above, and attempt to resolve the dispute in good faith, and;

      (b)     If the parties are unable to settle their dispute, then it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the Court with

an explanation of the need for disclosure and a report on the efforts the parties have made to settle their dispute.  The party objecting to disclosure will be expected to respond with its arguments against disclosure on such schedule as is applicable under the Court's local and individual practice rules.  The designating party or person claiming that the information is Confidential or AEO will have the burden to establish to the Court that such designation was appropriate.

(c)     In the event written notice of objection is made under paragraph 14(a), no disclosure shall be made to the expert prior to an appropriate ruling by the Court or an agreement by the parties that such disclosure may be made.

15.     Written material constituting or revealing Confidential Information or Attorney Eyes Only Information, when filed with the Court in this action, for any reason, shall be filed in accordance with the provisions of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means for information not on the public record, and shall have on the cover page the description "Contains Confidential [or AEO] Information Subject to Court Protective Order."

16.     If a party receiving any Confidential Information or Attorney Eyes Only Information objects to it being designated as such, such party shall first make its objection known to the designating party, in writing, requesting any desired change of designation.  If the designating party refuses the change, or if a resolution is not achieved within a reasonable period of time after receipt of such notice, then the receiving party may request a discovery conference with the Court to request an order changing or removing the designation at issue.  The party making the request shall have the burden of showing good cause as to why a Confidential

Information or Attorney Eyes Only Information designation under this Protective Order should be changed or removed.

17.     Pursuant to Federal Rule of Evidence 502, the inadvertent production or disclosure of any document or thing (including information) otherwise protected by the attorney-client privilege, work-product immunity, or other privilege or immunity shall not operate as a waiver of any such privilege or immunity if, after recognizing that privileged information has been produced or disclosed, the party who made the inadvertent production or disclosure sends to each receiving party a written request for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the putatively privileged information has been produced or disclosed.  Such inadvertently disclosed information, and all documents, including copies, containing inadvertently disclosed information, shall be returned or destroyed at the request of the producing party, except that the receiving party may, upon notice to the other party, keep one copy of said information solely for the purpose of presenting to the Court within fourteen (14) days of receipt of the written notice any issue that the information should not be deemed attorney-client privilege or work product materials.  No waiver shall be deemed to have occurred pending the Court's ruling on the receiving party's application.  If the receiving party does not make such application within fourteen (14) days of receipt of the written notice, or such other time as the parties may agree, then the receiving party shall return or destroy the one copy retained for this purpose, and no waiver shall have occurred.  The return or destruction of the information by the receiving party prior to a Court ruling shall neither constitute an admission or concession, or permit any inference, that the information is, in fact, properly subject to a claim of privilege, nor foreclose any party from moving the Court for an order that the information has been improperly

designated or should be produced for reasons other than a waiver caused by the inadvertent production.  Absent a ruling by the Court as above, no other use may be made of such information subsequent to the request to return or destroy same.  Nothing in this Protective Order shall limit the receiving party from requesting that the Court order the production of any such inadvertently disclosed information.

18.     This Protective Order shall be without prejudice to the right of either party to oppose production of any document or information for any reason other than confidentiality. This Protective Order may be changed by further order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information, provided, however, that the modifications will not harm the rights and interests of the producing parties and will not be made merely to accommodate an intervenor's desire to inspect protected documents or testimony or information produced in reliance on this Protective Order.

19.     In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered Confidential Information or Attorney Eyes Only Information, the non-party may elect to be bound by the terms of this Protective Order by notifying counsel for all parties in writing.  Upon service of such notice such non-party may designate documents and information as Confidential Information or Attorney Eyes Only Information in the manner set forth in this Order, and such non-party's information shall be treated in the same manner as the Confidential Information or Attorney Eyes Only Information of a party to this action.

20.     Within forty-five (45) days after final termination of the instant action to which this Protective Order relates, including the final conclusion of any appeal therefrom, each

party or non-party or other person subject to the terms of this Protective Order, with the exception of the clerk of the Court, shall return or destroy all documents or things produced designated as Confidential Information or Attorney Eyes Only Information under this Protective Order. Counsel for each party shall provide notice in writing to the designating party that the obligations of this paragraph have been met. Outside counsel for each party may retain (a) work product containing such information; and (b) such produced documents or things incorporated into or made an exhibit to any deposition or hearing transcript, or any other document filed with the Court; and (c) discovery requests and responses and correspondence containing such information. All Confidential Information and AEO Information retained by outside counsel shall remain subject to this Protective Order and the Court shall retain jurisdiction to enforce the terms hereof after the final resolution of this action.

   21. Any person or party subject to this Protective Order who may be subject to a motion, subpoena, or other request to disclose another designating party's Confidential Information or Attorney Eyes Only Information, shall promptly notify that designating party of the motion, subpoena or other request so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

   22. The terms of this Protective Order shall survive termination of this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*
_____

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

OF COUNSEL:

David I. Berl
Aaron P. Maurer
James H. Weingarten
Christopher A. Suarez
Alec T. Swafford
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Attorneys for Plaintiff PGS EM Limited*

SHAW KELLER LLP

*/s/ Jeffrey T. Castellano*
_____

John W. Shaw (#3362)
Jeffrey T. Castellano (#4837)
300 Delaware Avenue, Suite 1120
Wilmington, DE 19801
(302) 298-0700 (Phone)
jshaw@shawkeller.com
jcastellano@shawkeller.com

OF COUNSEL:

Frederick L. Whitmer
Erwin L. Cena
KILPATRICK TOWNSEND & STOCKTON LLP
1114 Avenue of the Americas
New York, NY 10036-7703

*Attorneys for Defendant EMGS Americas, Inc.*

SO ORDERED, this _____ day of September 2015.

_____
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PGS EM LIMITED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 15-213 (GMS) |
| | ) |
| ELECTROMAGNETIC GEOSERVICES | ) |
| ASA and EMGS AMERICAS, INC., | ) |
| | ) |
| Defendants. | ) |

## DECLARATION

I, _____, declare:

1.  I reside at _____

I am employed as [state position] _____

by [name and address of employer] _____

_____

2.  I am aware that a Stipulated Protective Order dated _____, 20___

has been entered in this action in the United States District Court for the District of Delaware.

A copy of that Stipulated Protective Order (hereinafter "ORDER") has been provided to me.

3.  I promise that any information designated as "CONFIDENTIAL" or

"ATTORNEYS EYES ONLY", as applicable, under the ORDER will be used by me only in

connection with assisting counsel in preparation for litigation in this action.

4.  I promise that I will not disclose or discuss any "CONFIDENTIAL" or

"ATTORNEYS EYES ONLY" information with any person other than counsel, or other

"qualified persons" who have also signed declarations undertaking to preserve the confidentiality

of such documents and information, or those persons designated in Paragraph 7 of the ORDER who need not sign such a declaration.

5.       I agree to act in good faith in carrying out my duties under the ORDER.

6.       I understand that any use or disclosure by me of any "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" information which is contrary to my undertakings in this declaration will constitute a violation of the ORDER and may subject me to sanctions by the Court for contempt.

7.       I hereby consent to the Court's continuing exercise of jurisdiction over me for the purpose of enforcing the ORDER.

I declare under penalty of perjury that the foregoing is true and correct.

_____

Dated: _____, 20\_\_\_

2